IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**APRIL BARNETT,**                          CASE NO. 3:23 CV 749

    Plaintiff,

    v.                                    JUDGE JAMES R. KNEPP II

**COMMISSIONER OF
SOCIAL SECURITY,**

    Defendant.                      **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Plaintiff April Barnett seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge James E. Grimes, Jr., for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Grimes recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for both supplemental security income and disability insurance benefits in February 2020, alleging a disability onset date of January 1, 2018. *See* Tr. 72, 81. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on December 8, 2021, finding Plaintiff not disabled. (Tr. 17-38). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. Plaintiff argued (1) the ALJ failed to properly evaluate the supportability of the opinion of Dr. Groneck, an examining state agency psychological consultant, when rejecting limitations related to "Plaintiff's ability to respond appropriately to work pressures" in that opinion and (2) the ALJ failed to properly develop the record when she declined to "either obtain a credible medical source statement of Plaintiff's standing/walking limitations or order a consultative examination to consider critical evidence with respect to such limitations." (Doc. 8, at 1).

In his R&R, Judge Grimes concluded the ALJ properly assessed the supportability of Dr. Groneck's opinion and substantial evidence supported the ALJ's determination of Plaintiff's physical residual functional capacity ("RFC") without need for the ALJ to further develop the record. He recommends the Court affirm the Commissioner's decision. *See* Doc. 11.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r*

*of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises two objections to the R&R. These objections mirror the arguments made to Judge Grimes. Plaintiff argues (1) the Magistrate Judge erred by finding the ALJ properly evaluated the supportability of Dr. Groneck's opinion and (2) the Magistrate Judge erred by finding substantial evidence supported the physical RFC. *See* Doc. 12.

<u>Supportability</u>

When evaluating a medical opinion, an ALJ must, at minimum, explain her consideration of that medical opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). In this case, state agency psychological consultant Taylor Groneck, Ph.D., opined Plaintiff "may have a hard time retaining complex and multi-step information", may struggle with "her concentration, persistence, and pace in the work setting", "may struggle in customer service oriented positions . . . [and] have a difficult time functioning in crowded spaces", may be "capable of adjusting to few minor workplace pressures", may experience "increased tearfulness, lethargy, and irritability", and may have a poor tolerance for frustration. (Tr. 444-45).

The ALJ concluded Dr. Groneck's opinion was "persuasive in support of some limitation in the broad areas of mental functioning" and "incorporated limitations consistent with [Dr. Groneck's] opinion into the [RFC], such as reducing changes in a work setting, and reduced pace

---

1. Neither party objects Judge Grimes's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Grimes.

requirements." (Tr. 30). The ALJ also concluded, however, that Dr. Groneck's report "tend[ed] to overstate the claimant's limitations in light of the evidence as a whole" and was "not consistent with nor supported by the evidence." *Id.* Plaintiff argues the ALJ improperly failed to discuss the supportability of Dr. Groneck's opinions. (Doc. 12, at 3). The R&R found that, "contrary to [Plaintiff's] claims, although the ALJ largely followed Groneck's opinion, she explained why she did not fully follow it." (Doc. 11, at 27).

This Court agrees with Judge Grimes' R&R. Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 n.6 (N.D. Ohio) (citing SSR 96-2p). The law does not require "perfect diction" by an ALJ – only "enough context for the court to trace their reasoning." *Id.* (citing *Stacy v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011). The ALJ not only discussed the findings of Dr. Groneck's opinion compared to those of other consulting psychologists, *see, e.g.*, Tr. 31, 77-78, 97-99, she also discussed the medical evidence – and lack thereof – considered by Dr. Groneck, *see, e.g.*, Tr. 30, where the ALJ noted that Dr. Groneck's opinions relied primarily on Plaintiff's self-reported symptoms, which contradicted her treatment and diagnostic history.

Moreover, as Judge Grimes stated, Plaintiff "doesn't cite any direct inconsistencies between Dr. Groneck's opinions and the RFC." (Doc. 11, at 27). Plaintiff does not state in her objection which part of the RFC she contends should have been different as a result of the ALJ's purported failure to consider the supportability of Dr. Groneck's opinion. The Court therefore overrules Plaintiff's first objection.

4

Development of the Record

In her second objection, Plaintiff contends the R&R improperly found the ALJ did not need to further develop the record concerning Plaintiff's physical RFC. (Doc. 12, at 5). An April 2021 examination of Plaintiff found lateral numbness in Plaintiff's bilateral feet. (Tr. 576). This examination was performed after the ALJ's written decision, and Plaintiff argues the medical evidence from this examination is "part of a 'critical body' of the 'objective medical evidence' that was not accounted for in the state agency's opinions." (Doc. 12, at 5) (quoting *Phelps v. Comm'r of Soc. Sec.*, 2022 WL 19385824, at *8 (N.D. Ohio)). Plaintiff appears to argue that the RFC was not supported by substantial evidence because it included no medical expert opinion regarding this finding of numbness, and that the ALJ had a duty to seek out such an expert opinion. *See id.*

Plaintiff again does not set forth in her objection how the RFC should differ if accounting for a medical expert's opinion on the lateral numbness issue. She only speculates as to "[h]ow . . . the ALJ [found] only a minimal impairment in Plaintiff's bilateral feet given abnormal objective findings . . . not interpreted by a medical professional". *Id.* at 6. As Judge Grimes explained, this single exam from April 2021 did not add to the "critical body" of "objective medical evidence" – it merely confirmed a symptom already in the record and available to medical experts during the proceedings before the ALJ, and the RFC included limitations related to Plaintiff's lower extremity symptoms. (Doc. 11, at 42-45). While Plaintiff relies on *Phelps*, the plaintiff in that case had new medical records concerning a new injury, new prescriptions, and new clinical findings. *Phelps*, 2022 WL 19385824, at *9. Plaintiff here has only an exam which confirmed existing numbness in her feet, a symptom already in the medical record. *See, e.g.*, Tr. 372-73.

5

Additionally, an ALJ rarely has a duty to develop the record beyond what is presented to her. Plaintiff relies on *Phelps* for her argument, which in turn relies on *Deskin v. Commissioner of Social Security,* 605 F. Supp. 2d 908 (N.D. Ohio 2008). "*Deskin* sets out a narrow rule that does not constitute a bright-line test." *Kizys v. Comm'r of Soc. Sec.*, 2011 WL 5024866, at *2 (N.D. Ohio). And, as Judge Grimes points out, it is not binding law. (Doc. 11, at 40) (quoting *Henderson v. Comm'r of Soc. Sec.*, 2010 WL 750222, at *2 (N.D. Ohio) ("The Court finds, however, that *Deskin* . . . is not representative of the law established by the legislature, and interpreted by the Sixth Circuit Court of Appeals.")). An ALJ's duty to conduct a full inquiry "does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision." *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). The regulations confirm this: the ALJ need only obtain a new consultative exam of their own volition when "[t]he additional evidence needed is not contained in the records of [the claimant's] medical sources". 20 C.F.R. § 416.919a(b)(1). Plaintiff's foot numbness, as established by both the ALJ and Judge Grimes, was already in the record. The Court therefore overrules Plaintiff's second objection.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Grimes's R&R (Doc. 11) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE